**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SILVIA GARCIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUILD.COM, INC., and DOES 1–10, inclusive,<br><br>Defendants. | Case No.: 22-cv-01985-DMS-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant's Motion to Dismiss. (ECF No. 10.) Plaintiff brings two claims alleging violations of two provisions of the California Invasion of Privacy Act (CIPA), Cal. Penal Code §§ 631 & 632.7, on behalf of herself and a putative class of others similarly situated, based on interactions with the chat feature on Build.com's website. For the reasons explained below, the Court grants Defendant's Motion to Dismiss. Plaintiff's Complaint is dismissed without prejudice as to the Section 631 claim to the extent it is based on Clause 4 of California Penal Code § 631(a). The Complaint is dismissed with prejudice as to all other claims and theories.

## I. BACKGROUND

Defendant Build.com is "an online home improvement retailer" that operates an e-commerce website. (Def.'s Mem. of P. & A. in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 8, ECF No. 10-1.) It operates a chat feature on its website which allows customers to

ask questions about Build.com's products and services. (*Id.*) At some point in the year-long period before Plaintiff Silvia Garcia filed her complaint on November 17, 2022, she visited the Build.com website on her smartphone. (Compl. ¶ 18, ECF No. 1, Ex. A.) When she visited the website, she initiated a chat conversation with Defendant. (*Id.* ¶¶ 18–19.) Plaintiff alleges that she later learned that Defendant "secretly recorded their conversation or allowed a third party to eavesdrop upon it until after the conversation was completed and additional, highly technical research was completed." (*Id.* ¶ 20.)

Plaintiff filed this complaint on behalf of herself and a class of "[a]ll persons within California who within the statute of limitations period . . . communicated with Defendant via that chat feature on Defendant's Website using a cellular telephone . . . [and] whose communications were recorded . . . without prior consent." (*Id.* ¶ 22.) Plaintiff brings two claims alleging violations of two provisions of the California Invasion of Privacy Act (CIPA), Cal. Penal Code §§ 631 & 632.7. Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (*See* Def.'s Mot. to Dismiss.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Factual allegations must be enough to raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged" her "claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

When a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no (1) "undue delay," (2) "bad faith or dilatory motive," (3) "undue prejudice to the opposing party" if amendment were allowed, or (4) "futility" in allowing amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007). "Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . ." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

### III.   DISCUSSION

**A. Standing**

Article III of the Constitution requires courts to adjudicate only actual cases or controversies. *See* U.S. Const. art. III, § 2, cl. 1. To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "Standing is determined by the facts that exist at the time the complaint is filed." *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001). "A

suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Defendant does not specifically argue that Plaintiff lacks Article III standing, but instead argues that Plaintiff has not alleged an injury sufficient to assert a claim for a violation of CIPA. (Def.'s Mem. at 25.) California law creates a private right of action for "[a]ny person who has been injured by a violation of" one of CIPA's provisions. Cal. Penal Code § 637.2(a). It appears a plaintiff may more easily show a sufficient statutory injury under CIPA than a sufficient Article III injury. *See* Cal. Penal Code § 637.2(c) ("It is not a necessary prerequisite . . . that the plaintiff has suffered, or be threatened with, actual damages."). Therefore, if a plaintiff fails to allege an injury sufficient to satisfy CIPA's statutory injury requirement, that plaintiff necessarily lacks an injury-in-fact sufficient to satisfy Article III standing. Moreover, a federal court has an independent obligation to determine whether subject-matter jurisdiction exists—which includes whether a plaintiff has standing—even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Therefore, the Court analyzes whether Plaintiff has Article III standing to bring this claim and concludes that she does.[1]

1. Injury-in-fact

To satisfy Article III standing, "a plaintiff must show . . . that he suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion*, 141 S. Ct. at 2203. "Congress may 'elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law.'" *Id.* at 2204 (quoting *Spokeo, Inc. v.*

---

[1] A dismissal for lack of standing is a jurisdictional dismissal and would not bar Plaintiff from raising the same claims in state court, which is not bound by Article III. A dismissal on the merits, however, has res judicata effect. *See* Cal. Civ. Proc. Code § 1908(a) (a judgment of "a court or judge of this state, or of the United States, having jurisdiction to pronounce the judgment or order" has res judicata effect).

*Robins*, 578 U.S. 330, 341 (2016)). However, "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm . . . ." *Id.* A federal court "cannot treat an injury as 'concrete' for Article III purposes based only on [the legislature's] say-so." *Id.* (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 999 n.2 (11th Cir. 2020)). "When a legislature has enacted a 'bare *procedural*' protection, a plaintiff 'cannot satisfy the demands of Article III' by pointing only to a violation of that provision, but also must link it to a concrete harm." *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1117 (9th Cir. 2020) (quoting *Spokeo*, 578 U.S. at 342) (emphasis in *Campbell*). "[C]ourts should assess whether the alleged injury . . . has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion*, 141 S. Ct. at 2204 (quoting *Spokeo*, 578 U.S. at 341). "That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury" but "does not require an exact duplicate in American history and tradition." *Id.*

Plaintiff's complaint is defective, but not for failing to show standing. Although the Complaint alleges that "visitors often share highly sensitive personal data with Defendant via the website chat feature," (Compl. ¶ 14), Defendant argues that Plaintiff never asserts that *she* shared "highly sensitive personal data" with Defendant through the chat feature, or that she was injured in any way. (Def.'s Mem. at 26.) Plaintiff responds that a CIPA violation is a violation of privacy rights and is a sufficiently concrete injury-in-fact. The Court agrees.

Federal courts in California have reached different conclusions on whether plaintiffs bringing similar CIPA claims based on interactions with a website's chat feature have demonstrated standing. *Compare Licea v. Am. Eagle Outfitters, Inc.*, No. 22-cv-1702-MWF, 2023 WL 2469630, at *3 (C.D. Cal. Mar. 7, 2023) (plaintiffs adequately alleged injury-in-fact and demonstrated standing because a violation of CIPA is a cognizable violation of privacy rights) *and Licea v. Cinmar, LLC*, No. 22-cv-6454-MWF, 2023 WL

2415592, at *3 (C.D. Cal. Mar. 7, 2023) (same) *with Byars v. Sterling Jewelers, Inc.*, No. 22-cv-1456-SB, 2023 WL 2996686, at *4 (C.D. Cal. Apr. 5, 2023) (plaintiff alleges no injury-in-fact sufficient to show standing because she "does not allege that she disclosed any sensitive information" to defendant); *see also Lightroller v. Jetblue Airways Corp.*, No. 23-cv-361-H, 2023 WL 3963823, at *5 (S.D. Cal. June 12, 2023) (where plaintiff alleged that defendant website recorded her interactions with the website in violation of CIPA, plaintiff failed to allege injury-in-fact sufficient to show standing because she did not "allege that she disclosed any personal information" to defendant).

The Court concludes that Plaintiff has standing at this stage. Plaintiff alleges that Defendant secretly intercepted and recorded Plaintiff's chat messages without informing her and without her consent. (Compl. ¶¶ 17, 20–21.) This is a sufficiently concrete and particularized injury. *See Am. Eagle Outfitters*, 2023 WL 2469630, at *3 (concluding that plaintiff sufficiently alleged injury-in-fact by pleading: "Defendant did not inform him or Class Members that Defendant was secretly recording their conversations or allowing, aiding, and abetting a third party to intercept and eavesdrop on them in real time").

Federal courts within California, including this Court, have held that "violations of Plaintiffs' statutory rights under CIPA, without more, constitute injury in fact" because unlike a bare procedural violation, a CIPA violation is "'a violation of privacy rights'" which is a more "'concrete and particularized harm.'" *Osgood v. Main Street Mktg., LLC*, No. 16-cv-2415-GPC, 2017 WL 131829, at *7 (S.D. Cal. Jan. 13, 2017) (quoting *Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1088 (S.D. Cal. 2016)); *see also Matera v. Google, Inc.*, No. 15-cv-4062-LHK, 2016 WL 5339806, at *14 (N.D. Cal. Sept. 23, 2016) (holding that alleged violations of Plaintiff's statutory rights under CIPA constitute concrete injury-in-fact). Recently, some courts have held that the reasoning in these cases was undermined by the Supreme Court's 2021 decision in *TransUnion*, which held that "Article III standing requires a concrete injury even in the context of a statutory violation," 141 S. Ct. at 2205 (quoting *Spokeo*, 578 U.S. at 341). *See, e.g.*, *Lightroller*, 2023 WL 3963823, at *3. However, that aspect of *TransUnion*'s holding was not new; it was a

reiteration (and a direct quote) of the Supreme Court's holding in *Spokeo*, decided in 2016. *Osgood*, *Romero*, and *Matera* were all decided in light of *Spokeo*. This Court concludes that *TransUnion* does not undermine the reasoning in those cases.

In *Wakefield v. ViSalus, Inc.*, a decision that came after *TransUnion*, the Ninth Circuit held that a plaintiff had standing to bring a claim under the Telephone Consumer Protection Act because receipt of unwanted telemarketing phone calls is a concrete injury-in-fact. 51 F.4th 1109, 1118 (9th Cir. 2022). The Ninth Circuit explained:

> In *TransUnion*, the Supreme Court reaffirmed the preexisting rule that an intangible injury qualifies as "concrete" when that injury bears a "close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." . . . . *TransUnion* therefore strengthens the principle that an intangible injury is sufficiently "concrete" when (1) Congress created a statutory cause of action for the injury, and (2) the injury has a close historical or common-law analog.

*Id.* (quoting *TransUnion*, 141 S. Ct. at 2204). This formulation in *Wakefield* confirms that Plaintiff has standing here. First, the California legislature created a cause of action in the CIPA statute—and it is the cause of action Plaintiff asserts here. *See* Cal. Penal Code § 637.2(a). In addition, the Ninth Circuit concluded in *Wakefield* that "traditional claims for 'invasion of privacy, intrusion upon seclusion, and nuisance'" are "evidence of a common-law analog to privacy violations." 51 F.4th at 1118 (quoting *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017)). As in *Wakefield*, the Court finds that the privacy injury Plaintiff asserts here is sufficiently similar to "a historical or common-law analogue." *TransUnion*, 141 S. Ct. at 2204.

### 2. Causation and Redressability

Having shown injury-in-fact, the Court concludes that Plaintiff satisfies the two remaining requirements of standing—causation and redressability. Plaintiff has adequately pled that the injury was caused by Defendant Build.com, and an award of money damages would remedy Plaintiff's injury.

### B. Merits

Plaintiff brings two claims on behalf of herself and the putative class alleging

violations of two provisions of the California Invasion of Privacy Act: (1) a violation of California Penal Code § 631, and (2) a violation of California Penal Code § 632.7. The Court concludes that both are insufficiently pled.

      1. <u>Section 631 Claim</u>

Plaintiff has not adequately pled a Section 631 claim. Section 631 makes actionable "three distinct and mutually independent patterns of conduct: intentional wiretapping, wilfully attempting to learn the contents or meaning of a communication in transit over a wire, and attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Tavernetti v. Super. Ct. of San Diego Cnty.*, 22 Cal. 3d 187, 192 (1978). Section 631 also imposes liability upon "anyone 'who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the' . . . three bases for liability." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (quoting Cal. Penal Code § 631(a)). Specifically, Section 631(a) makes liable:

> Any person
> [1] who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or
> [2] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or
> [3] who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or
> [4] who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section
> . . . .

Cal. Penal Code § 631(a).  Plaintiff asserts Defendant violated all four clauses.

First, Defendant cannot be liable under the first three clauses because parties to a conversation cannot eavesdrop on their own conversations.  See *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) (distinguishing "eavesdropping by a third party" from "recording by a participant to a conversation"); *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975) ("It is never a secret to one party to a conversation that the other party is listening to the conversation . . . .").  Plaintiff alleges that she "used a smart phone" to "visit[] Defendant's Website," and "had a conversation *with Defendant*," which "Defendant secretly recorded." (Compl. ¶ 18, 20, emphasis added.)  These facts cannot plausibly allege a violation of the first three clauses of Section 631(a) because Plaintiff alleges that Defendant was the intended recipient of the chat communications.  See *Ribas v. Clark*, 38 Cal. 3d 355, 360 n.3 (1985) ("[S]ection 631 does not penalize the secret recording of a conversation by one of the participants."); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) ("[Section 631] contain[s] an exception from liability for a person who is a 'party' to the communication . . . .").

This leaves only Plaintiff's theory based on Clause 4.  Plaintiff alleges "Defendant allow[ed] at least one independent third-party vendor . . . to use a software device or contrivance to secretly intercept . . ., eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors." (Compl. ¶ 12.)  This claim fails because the Complaint does not plausibly allege the existence of a third-party eavesdropper.  Plaintiff speculates that the eavesdropper may be WhosOn or SalesForce, (*see id.*), but such a speculative, "'naked assertion,' devoid of 'further factual enhancement'" cannot plausibly allege the existence of a third-party eavesdropper.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In addition, Plaintiff's allegation that Defendant "has covertly embedded software code . . . into its website that automatically intercepts, records, and creates transcripts of all conversation using the website chat feature," (Compl. ¶ 12), does not assist Plaintiff because it points to *Defendant's own* conduct, not the conduct of a third-party.  At best,

this allegation suggests that Defendant employs a third-party software service as a tool to record its own data. *See Graham v. Noom*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021) (concluding that third-party software service was an "extension of" defendant and merely "provide[d] a tool . . . like [a] tape recorder . . . that allow[ed] [defendant] to record and analyze its own data"). As explained, this cannot be a basis for liability because a participant to a conversation cannot eavesdrop on their own conversation. In cases where courts have found software companies to be third-party eavesdroppers, those third parties had mined information from other websites and used that information for their own purposes. *Id.*; *see, e.g.*, *In re Facebook*, 956 F.3d at 596, 607–08 (after companies embedded Facebook plug-ins onto their websites, Facebook collected data on visitors to those websites and sold the data to advertisers); *Revitch v. New Moosejaw, LLC*, No. 18-cv-6827-VC, 2019 WL 5485330, at *1–2 (N.D. Cal. Oct. 23, 2019) (website embedded third-party software on its site, and that third party used the data it gathered to create a marketing database of consumer information). Here, Plaintiff does not allege that the third party "intercepted and used the data itself." *Williams v. What If Holdings, LLC*, No. 22-cv-3780-WHA, 2022 WL 17869275, at *3 (N.D. Cal. Dec. 22, 2022).

Accordingly, Plaintiff's Section 631 claim is dismissed with prejudice to the extent it is based on Clauses 1–3 of California Penal Code § 631(a), because there is no way for Plaintiff to plead around the key defect that Defendant cannot be liable for eavesdropping on its own conversation. *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) ("[F]utile amendments should not be permitted."). Plaintiff's Section 631 claim is dismissed without prejudice to the extent it is based on Clause 4. The Court need not reach Defendant's other arguments.

2. Section 632.7 Claim

Plaintiff also has not adequately pled a Section 632.7 claim. Section 632.7 imposes liability upon anyone who intercepts and intentionally records telephone communications without the consent of all participants in the communication. Specifically, Section 632.7(a) makes liable:

> [e]very person who, without the consent of all of the parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone … .

Cal. Penal Code § 632.7(a). A plain reading of the text makes clear that the statute only applies to communications transmitted by telephone, not internet. Plaintiff seems to argue that Defendant's conduct violated Section 632.7 because Plaintiff's communications with Defendant through the website chat function on her smart phone amounted to "communication . . . transmitted via telephony." (*See* Compl. ¶¶ 18, 37–39.) This stretches the statutory language too far. "The plaint text of § 632.7" states that "the communication must have a cellular radio or cordless telephone on one side, and a cellular radio, cordless, or landline telephone on the other side" to be actionable under the statute. *Montantes v. Inventure Foods*, No. 14-cv-1128-MWF, 2014 WL 3305578, at *4 (C.D. Cal. July 2, 2014). Transmission by internet through a device called "phone" is not sufficient.

  Plaintiff invites the Court to construe the term "landline telephone" in the statute broadly "as encompassing Defendant's computer equipment, which connected with Plaintiff's smart phone to transmit and receive Plaintiff's chat communications," and argues that "[t]he Internet works through a series of networks that connect devices around the world through telephone lines." (Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss at 21, ECF No. 12.) However, as explained, Section 632.7 "unambiguously limits its reach to communications between various types of telephones," which are specifically identified in the statute. *Valenzuela v. Keurig Green Mountain, Inc.*, No. 22-CV-09042-JSC, 2023 WL 3707181, at *6 (N.D. Cal. May 24, 2023). Plaintiff "makes no persuasive argument" that "the statute contemplates internet communications between a smart phone and an unspecified device on Defendant's end." *Id.* Accordingly, Plaintiff's Section 632.7 claim is dismissed with prejudice because there is no way for Plaintiff to plead around the fundamental defect that the statute does not apply to internet chat communications at issue

here. *See Klamath-Lake Pharm. Ass'n*, 701 F.2d at 1293.

## IV.   CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendant's Motion to Dismiss. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to the Section 631 claim to the extent it is based on Clause 4 of California Penal Code § 631(a); and **DISMISSED WITH PREJUDICE** as to all other claims and theories. Within fourteen (14) days of the date of this Order, Plaintiff may file an amended complaint.

**IT IS SO ORDERED.**

Dated:  July 13, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court